OPINION
{¶ 1} Pursuant to an indictment filed on October 11, 2001, defendant-appellant, Albert Watson III ("appellant") was charged with one count of Robbery, a second-degree felony, and one count of Theft, a fourth-degree felony. On July 29, 2002, appellant and his attorney executed a written form wherein appellant pled guilty to the aforementioned charges. Said forms specifically set forth the following recommendation by the State of Ohio regarding appellant's sentence in exchange for his pleas:
 {¶ 2} "In exchange for the Defendant's plea to the within-stated offenses, the State recommends that the Defendant receive a four-year sentence on count one, that he receive an eleven-month sentence on count two; that said sentences run consecutive and consecutive to Case No. 01CR-430 Erie County, and consecutive to Case No. 01CR-229, Fairfield County."
 {¶ 3} At the sentencing hearing, the trial court accepted the State's recommended sentence. The trial court also accepted appellant's pleas of guilt after it made proper inquiry of appellant as to whether he understood the nature of the charges against him, the recommended sentence, satisfaction with his attorney, and his remaining Constitutional rights with respect to the within action.
 {¶ 4} By judgment entry filed August 2, 2002, the trial court, after considering appellant's criminal history, and in order to protect the public and punish the offender, and pursuant to the written plea agreement, sentence appellant as recommended by the State.
 {¶ 5} Thereafter, appellant filed a pro se Notice of Appeal with this Court from the judgment of conviction and sentenced entered against him. On September 6, 2002, the trial court appointed Attorney Michael Bryan to represent appellant in this appeal.
 {¶ 6} On November 1, 2002, counsel for appellant filed a brief pursuant to Anders vs. California (1967), 388 U.S. 924 indicating that the within appeal was wholly frivolous. Counsel for appellant also sought to withdraw as counsel for appellant. Counsel for appellant also notified appellant of his right to file a pro se brief raising any and all errors appellant deemed occurred in the trial court. On December 17, 2002, appellant filed a pro se brief assigning the following as error:
 {¶ 7} "I. The trial court erred to the prejudice of appellant by failing to consider necessary statutory criteria before imposing consecutive sentences; appellant's lack of benefit to the statutory criteria governing consecutive sentences denied appellant's rights to due process to the procedure.
 {¶ 8} "II. Appellant's plea of guilty was involuntary, unknowing and unintelligent when the trial court failed to inform his that he was waiving critical, substantive rights to statutory evaluations regarding the imposition of consecutive sentences and that the four year sentence for the robbery charge was mandatory time.
 {¶ 9} "III. Plea counsel rendered ineffective assistance to appellant by allowing appellant to agree to a `jointly recommended' sentence which deprived appellant of his statutory rights to be properly evaluated for consecutive sentences under senate bill 2, and appeal thereof, and appellant received no apparent benefits from his plea of guilty.
 {¶ 10} "IV. Plea counsel rendered ineffective assistance to appellant by failing to more the sentencing court for evaluation under Revised Code Section 2941.25, the multiple counts statute, when the theft and robbery charges constituted allied offenses and should have been merged."
 {¶ 11} We shall address appellant's pro se assigned errors in the order raised by appellant:
 I. {¶ 12} Through his first assigned error, appellant maintains the trial court erred in failing to consider the necessary statutory criteria before imposing consecutive sentences. We disagree.
 {¶ 13} R.C. § 2929.14(E)(4)(c), provides that if multiple prison terms are imposed on an offender for convictions of multiple offenses, the trial court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crimes or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public, and if the court also finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the offender.
 {¶ 14} In the instant case, we find that the trial court's written entry sentencing appellant to consecutive sentences satisfied the above-statutory mandate.
 {¶ 15} Accordingly, we hereby overrule appellant's first assigned error.
 II. {¶ 16} Through his second assigned error, appellant maintains that his pleas of guilt were involuntary, unknowing, and unintelligent. We disagree.
 {¶ 17} We have reviewed the transcript from the sentencing, including the written plea form, and believe that appellant entered his pleas knowingly, voluntarily, and intelligently. We further find that appellant was adequately represented by counsel at the trial court level.
 {¶ 18} Accordingly, we hereby overrule appellant's second assigned error.
 III. IV. {¶ 19} Because this Court has determined that appellant was effectively represented at the trial court level, we hereby overrule appellant's third and fourth assigned errors. Indeed, appellant stated on the record that he was satisfied with his representation. It is important to note that appellant could have been sentenced to eight (8) years of imprisonment on the robbery charge alone.
 {¶ 20} Accordingly, we hereby overrule appellant's third and fourth assigned errors.
 {¶ 21} Pursuant to Anders vs. California, supra, once counsel for appellant notified this Court that he believed the within appeal to be wholly frivolous, this Court must examine the entire record to determine if there is any merit to the within appeal. If this Court determines that the appeal is wholly frivolous, the Court may grant the attorney's request to withdraw.
 {¶ 22} In the instant case, we have examined the record, and find the within appeal to be wholly frivolous. Accordingly, the motion of Attorney Michael Bryan to withdraw as counsel for appellant in the instant case is hereby granted.
 {¶ 23} The judgment of conviction and sentence entered against appellant Albert Watson III is hereby affirmed.
By: Farmer, P.J., Gwin, J. and Boggins, J. concur.
Topic: robbery/theft charges — consecutive sentences — Anders.